## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JAVIER MONGE

                    Plaintiff,

v.

KAMRAN HAKIM and THAFATH, INC.,

                  Defendants.
_____/

## COMPLAINT

Plaintiff, JAVIER MONGE, by his undersigned counsel, hereby files this Complaint against, KAMRAN HAKIM and THAFATH, INC. (the "Defendants") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (the ADA) and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.      Plaintiff currently resides in the Bronx, New York.   Plaintiff suffers from cerebral palsy, must ambulate in a wheelchair, and is a qualified individual with disabilities under the ADA.   Plaintiff has visited the property and has encountered barriers to access. Plaintiff intends to return to the Facility to enjoy to goods and services offered therein. However, his access to the Facility continues to be denied and/or substantially limited.   His

access will continue to be denied until Defendants remove the barriers, including those set forth in the Complaint at Paragraph 13 below.

3.      Defendant, KAMRAN HAKIM, transacts business in the State of New York and within this judicial district. Defendant is the owner and/or lessor, of the real property located at 356 E 51st St, New York, New York where the restaurant known as Deux Amis is located (the "Facility").

4.      Defendant, THAFATH, INC., transacts business in the State of New York and within this judicial district.  Defendant is the lessee of the Facility located at, 356 E 51st St, New York, New York and the owner and/or operator of a restaurant known as Deux Amis (the "Facility").

5.      The Facility is a place of public accommodation under the ADA.

6.      Plaintiff has suffered legal harm and injury in fact, as he visited the Facility, and encountered barriers to access.

7.  The barriers alleged in Paragraph 13, by their very nature, prevent Plaintiff and other wheelchair bound patrons from accessing the premises and enjoying the goods and services offered therein.

8.  The removal of the alleged barriers can be accomplished without much difficulty or expense.

9.      All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

10.      Plaintiff attempted, on multiple occasions, to access the Facility to enjoy the goods and services offered therein, but could not do so without substantial hardship as a result

of his disability, which requires him to ambulate in a wheelchair, and the significant barriers to

access existing at the Facility.

11.     Plaintiff intends to visit the Facility in the future to enjoy to goods and services

offered therein.  However, his access to the Facility continues to be denied and/or substantially

limited.  His access will continue to be denied until Defendants remove the barriers, including

those set forth in the Complaint at Paragraph 13 below.

12.     Defendants have discriminated against Plaintiff by denying him full access to the

goods, services and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, et.

seq., and by failing to remove architectural barriers as required by 42 U.S.C., §

12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff unless and until

Defendants remove all physical barriers including those specifically set forth below.

13.     Defendants have discriminated against Plaintiff by failing to remedy the ADA

violations, which by their nature, affect Plaintiff and other wheelchair bound Plaintiffs.  A

specific list of ADA violations which preclude and/or limit Plaintiff's ability to access the

facility and to enjoy the goods and services offered therein, include the following:

I.     ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS
REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS
REQUIRED. INACCESSIBLE MAIN ENTRANCE. EXISTING STEP
AT MAIN ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY.
REQUIRED RAMP NOT PROVIDED FOR STEP AT MAIN
ENTRANCE.
a.   In violation of the following sections: ADAAG 206 Accessible Routes
ADAAG 206.1 General.  Accessible routes shall be provided in
accordance with 206 and shall comply with Chapter 4. ADAAG 206.2
Where Required.  Accessible routes shall be provided where required
by 206.2. ADAAG 206.2.1 Site Arrival Points.  At least one accessible
route shall be provided within the site from accessible parking spaces
and accessible passenger loading zones; public streets and sidewalks;
and public transportation stops to the accessible building or facility
entrance they serve. ADAAG 206.4 Entrances.  Entrances shall be
provided in accordance with 206.4.  Entrance doors, doorways, and

gates shall comply with 404 and shall be on an accessible route complying with 402. ADAAG 206.4.1 Public Entrances.  In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404. ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.  Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1). ADAAG 303.4 Ramps.

II.     INACCESSIBLE SECONDARY ENTRANCE. EXISTING NON-COMPLIANT RAMP AT INTERIOR SIDE OF SECONDARY ENTRANCE ACTS AS A BARRIER TO ACCESSIBILITY. NON-COMPLIANT STEEP SLOPE OF EXISTING RAMP AT INTERIOR SIDE OF SECONDARY ENTRANCE. REQUIRED LANDING NOT PROVIDED AT EXISTING RAMP AT INTERIOR SIDE OF SECONDARY ENTRANCE.

   a.   In violation of the following sections: ADAAG 206 Accessible Routes ADAAG 206.1 General.  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. ADAAG 206.2 Where Required.  Accessible routes shall be provided where required by 206.2. ADAAG 206.2.1 Site Arrival Points.  At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve. ADAAG 206.4 Entrances.  Entrances shall be provided in accordance with 206.4.  Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402. ADAAG 206.4.1 Public Entrances.  In addition to entrances required by 206.4.2 through 206.4.9, at least 60 percent of all public entrances shall comply with 404. ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.  Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1). ADAAG 405.7 Landings.

III.    NON-COMPLIANT EXISTING HANDRAILS AT STEPS AT MAIN ENTRANCE. COMPLIANT HANDRAIL EXTENSIONS NOT PROVIDED AS REQUIRED AT TOP AND BOTTOM OF STEPS LEADING TO MAIN ENTRANCE.

   a.   In violation of the following sections: ADAAG 505.10.2 Top Extension at Stairs.  At the top of a stair flight, handrails shall extend horizontally above the landing for 12 inches minimum beginning directly above the first riser nosing.  Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent stair flight. ADAAG 505.10.3 Bottom Extension at Stairs.

4

IV. INACCESSIBLE DINING TABLES LOCATED AT EXTERIOR DINING AREA. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT EXTERIOR DINING TABLES. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT EXTERIOR DINING AREA.

   a. In violation of the following sections: ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.ADAAG 902.2 Clear Floor or Ground Space.  A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum. ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.

V. INACCESSIBLE TRAVEL PATH TO MAIN DINING AREA LOCATED AT RAISED DINING AREA. AN ACCESSIBLE ROUTE TO RAISED MAIN DINING AREA NOT PROVIDED AS REQUIRED. EXISTING STEPS AT TRAVEL PATH TO RAISED MAIN DINING AREA ACT AS A BARRIER TO ACCESSIBILITY. THE RAISED MAIN DINING AREA OFFERS UNIQUE CHARACTERISTICS NOT OFFERED AT GROUND FLOOR BAR SIDE DINING AREA. LOWER LEVEL DINING AREA HAS AN ABUNDANCE OF NATURAL LIGHT AS IT CONTAINS A LARGE CLEAR SKYLIGHT CEILING WHEREAS DINING AREA LOCATED AT MAIN FLOOR DOES NOT HAVE ANY WINDOWS NOR NATURAL LIGHT. RAISED MAIN DINING AREA CONTAINS MORE THAN 25% OF DINING SEATS COMBINED WITH DINING SEATS AT GROUND FLOOR BAR SIDE DINING AREA. THE RAISED MAIN DINING AREA CONTAINS MORE DINING SEATS THAN GROUND FLOOR BAR SIDE DINING AREA.

   a. ADAAG 206.2.5 Restaurants and Cafeterias.  In restaurants and cafeterias, an accessible route shall be provided to all dining areas, including raised or sunken dining areas, and outdoor dining areas. EXCEPTIONS:  1.  In buildings or facilities not required to provide an accessible route between stories, an accessible route shall not be required to a mezzanine dining area where the mezzanine contains less than 25 percent of the total combined area for seating and dining and

where the same decor and services are provided in the accessible area. ADAAG Advisory 206.2.5 Restaurants and Cafeterias Exception 2.

VI.   INACCESSIBLE DINING TABLES LOCATED AT RAISED MAIN INTERIOR DINING AREA. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AT RAISED MAIN INTERIOR DINING AREA. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT RAISED MAIN INTERIOR DINING AREA.

a.   ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.ADAAG 902.2 Clear Floor or Ground Space.  A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.

VII.   INACCESSIBLE DINING TABLES LOCATED AT GROUND LEVEL INTERIOR BAR SIDE DINING AREA. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES LOCATED AT GROUND LEVEL INTERIOR BAR SIDE DINING AREA. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED AT GROUND LEVEL INTERIOR BAR SIDE DINING AREA.

a.   ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902.2 Clear Floor or Ground Space.  A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required

6

under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.

VIII.   INACCESSIBLE BAR. NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR. PORTION (5%) OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

    a.   In violation of the following sections: ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902. ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. Advisory 902.1 General. Dining surfaces include, but are not limited to, bars, tables, lunch counters, and boothS. ADAAG 902.2 Clear Floor or Ground Space. A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. ADAAG 902.3 Height.  The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground. ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.

IX.   NON-COMPLIANT EXISTING HANDRAILS AT STEPS LEADING TO RAISED MAIN DINING AREA. COMPLIANT HANDRAIL EXTENSIONS NOT PROVIDED AS REQUIRED AT TOP AND BOTTOM OF STEPS LEADING TO RAISED MAIN DINING AREA.

    a.   In violation of the following sections: ADAAG 505.10.2 Top Extension at Stairs.  At the top of a stair flight, handrails shall extend horizontally above the landing for 12 inches minimum beginning directly above the first riser nosing.  Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent stair flight. ADAAG 505.10.3 Bottom Extension at Stairs.

X.   COMPLIANT SIGNAGE IDENTIFYING THE RESTROOM NOT PROVIDED AS REQUIRED.

a. ADAAG 216 Signs ADAAG 216.1 General.  Signs shall be provided in accordance with 216 and shall comply with 703. ADAAG 216.2 Designations.  Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5.  Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5. Advisory 216.2 Designations.  Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time.  Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space. Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors. ADAAG 703.1 General.

XI.   INACCESSIBLE RESTROOM. REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT OPENING OF RESTROOM DOOR.
  a. In violation of the following sections: ADAAG 404.2.3 Clear Width.

XII.   REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT RESTROOM DOOR.
  a. In violation of the following sections: ADAAG 404.2.4 Maneuvering Clearances.

XIII.   NON-COMPLIANT DOOR SWING OF RESTROOM DOOR. RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF RESTROOM FIXTURES.
  a. In violation of the following sections: ADAAG 603.2.3 Door Swing.

XIV.   NON-COMPLIANT DOOR LOCK AT RESTROOM DOOR REQUIRES TWISTING OF THE WRIST.
  a. In violation of the following sections: ADAAG 404.2.7 Door and Gate Hardware.  Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 ADAAG 309.4 Operation.

XV.   INACCESSIBLE LAVATORY IN RESTROOM. REQUIRED MINIMUM CLEAR FLOOR SPACE NOT PROVIDED AT LAVATORY.
  a. In violation of the following sections: ADAAG 606 Lavatories and Sinks ADAAG 606.2 Clear Floor Space.  A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided. ADAAG 305.3 Size.

XVI.   REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT LAVATORY.
  a. In violation of the following sections: ADAAG 606 Lavatories and Sinks ADAAG 606.2 Clear Floor Space.  A clear floor space complying with 305, positioned for a forward approach, and knee and toe clearance complying with 306 shall be provided. ADAAG 306.2

Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.  Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element. ADAAG 306.2.5 Width.  Toe clearance shall be 30 inches (760 mm) wide minimum.  ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.  Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground. ADAAG 306.3.5 Width.

XVII.   INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY NOT PROVIDED AS REQUIRED.
   a.   In violation of the following sections: ADAAG 606.5 Exposed Pipes and Surfaces.

XVIII.   NON-COMPLIANT FAUCET KNOBS AT LAVATORY REQUIRE TWISTING OF THE WRIST.
   a.   In violation of the following sections: ADAAG 606.4 Faucets. Controls for faucets shall comply with 309. ADAAG 309 Operable Parts ADAAG 309.1 General.  Operable parts shall comply with 309. ADAAG 309.4 Operation.

XIX.   INACCESSIBLE WATER CLOSET IN RESTROOM. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET.
   a.   In violation of the following sections: ADAAG 604 Water Closets and Toilet Compartments ADAAG 604.3 Clearance.  Clearances around water closets and in toilet compartments shall comply with 604.3. ADAAG 604.3.1 Size.

XX.   NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL.
   a.   In violation of the following sections: ADAAG 604.2 Location.

XXI.   REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET.
   a.   In violation of the following sections: ADAAG 604.5 Grab Bars.

14.   The above listing may not include all of the barriers countered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the ADA violations.

15.   The removal of the ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

16.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

17.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

18.    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.


November 14, 2017


Respectfully submitted,

 *s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
*Attorney for Plaintiff*
Bar No. JT2817

315 Madison Avenue, #3054
New York, N.Y. 10017
(917) 669-6991
TucekLaw@Gmail.com